TIMOTHY L. WILLIAMS, OSB No. 034940
E-Mail: *tim@rdwyer.com*
Dwyer Williams Potter Attorneys, LLP
1051 NW Bond Street, Suite 310
Bend, OR 97703
Phone: 541.617.0555
Fax:    541.617.0984

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BENJAMIN MCCORMICK**, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | Personal Injury Action – 28 USC §1346; Premises Liability |
| **UNITED STATES OF AMERICA**, acting by and through the **BUREAU OF LAND MANAGEMENT**, | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff ("BENJAMIN MCCORMICK") alleges:

**JURISDICTION**

**1.**

The claims asserted herein arise under Oregon Common Law Premises Liability and Negligence. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1346(b) (civil actions on claims against the United States, for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United

**COMPLAINT** – Page 1

DWYER WILLIAMS POTTER
ATTORNEYS, LLP
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555    Fax: (541) 617-0984
E-Mail: tim@rdwyer.com

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred).

**2.**

Proper venue for this action is in the State of Oregon pursuant to 28 U.S.C. §1346(b)(1) because a substantial part of the acts or omissions giving rise to the controversy occurred in Oregon.

**PARTIES**

**3.**

At all times material, BENJAMIN MCCORMICK was and is a resident of Redmond, Deschutes County, Oregon.

**4.**

At all times material, Defendant UNITED STATES OF AMERICA was acting by and through the BUREAU OF LAND MANAGEMENT, and had working for it employees, officers, or agents who, at all times material, were working within the course and scope of their office or employment and were under the control, or right of control, of Defendant. All acts attributed to Defendant as alleged below were performed by and through said persons.

**5.**

Defendant has been given proper and timely notice of this claim for damages pursuant to 28 USC, Chapter 171. Said notice was made within two years after the date of injury.

**6.**

Defendant has responded to the timely notice of this claim and notified Plaintiff that he may file suit with this Court on or before August 2, 2015. Filing of this action is therefore timely.
//////

**COMPLAINT** – Page 2

## FIRST CLAIM FOR RELIEF

(Premises Liability)

**7.**

At all times material, Defendant owned a portion of the land comprising the Cove Palisades State Park located in Jefferson County, Oregon, specifically including a portion of the recreational site known as The Lower Deschutes Day Use Area (hereinafter "Day Use Area"). Within the Day Use Area were gabion walls/piers, walkways, and a breaker wall located to the south of a contained swimming area, along with the surrounding lake. Defendant owned, controlled, had the right of control over, and maintained the gabion walls/piers in this location, as well as the water and submerged lands immediately surrounding the same.

**8.**

At all times material, BENJAMIN MCCORMICK was at the Day Use Area for Defendant's business purposes, as he had paid a fee to the State of Oregon access and utilize the Day Use Area, and the State of Oregon used a portion of said fees to help maintain the portion of the Day Use Area owned by Defendant. Because of this economic benefit to Defendant, BENJAMIN MCCORMICK was, therefore, an invitee of Defendant's.

**9.**

At all times material, Defendant expressly or impliedly led the public to believe that the Day Use Area was intended to be used for water sports, swimming, diving, and recreating, and that such use was not only acquiesced in by Defendant, but was also in accordance with the intention or design with which the Day Use Area was adapted and prepared, specifically including the gabion walls/piers and surrounding water. As such, BENJAMIN MCCORMICK was, therefore, an invitee of Defendant's.

//////

//////

**COMPLAINT** – Page 3

DWYER WILLIAMS POTTER
ATTORNEYS, LLP
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555   Fax: (541) 617-0984
E-Mail: tim@rdwyer.com

**10.**

At all times material, Defendant controlled the portion of the Day Use Area it owned, and had a duty to inspect and maintain it, including detecting, remedying and preventing hazards, to make said portion of the Day Use Area safe for its invitees.

**11.**

On or about August 19, 2012, at approximately 3:00 p.m., BENJAMIN MCCORMICK was at the Day Use Area at Defendant's invitation and/or acquiescence, and for Defendant's business purposes. At that time, BENJAMIN MCCORMICK dove from a gabion wall/pier attached to the breaker wall south of the roped swim area where, unbeknownst to him, there was a large rock under the water. BENJAMIN MCCORMICK struck the rock head-first, causing him to suffer the injuries and damages as alleged herein, all of which are reasonably foreseeable.

**12.**

At all times material, the gabion wall/pier at issue was open to, and made available for use by, Defendant's invitees, including BENJAMIN MCCORMICK, as a part of the Day Use Area's preparation and use as a water sports destination.

**13.**

At all times material, it was foreseeable that persons using the Day Use Area, including BENJAMIN MCCORMICK, might swim in the vicinity of, and dive from, the gabion wall/pier at issue.

**14.**

The manner in which BENJAMIN MCCORMICK dove from the gabion wall/pier was normal and reasonably foreseeable.

//////

//////

//////

**COMPLAINT** – Page 4

DWYER WILLIAMS POTTER
ATTORNEYS, LLP
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555   Fax: (541) 617-0984
E-Mail: tim@rdwyer.com

**15.**

Prior to the day at issue, BENJAMIN MCCORMICK dove from the same gabion wall/pier on several occasions, without incident. On each of those occasions, the water was deep enough to safely dive from the gabion wall/pier.

**16.**

On information and belief, prior to the date at issue, Defendant moved, caused to be moved, or knew or should have known of the movement of, the underwater rocks surrounding the gabion wall/pier at issue, thereby lessening the water depth of the surrounding water, and without warning to users of the Day Use Area. At all times material, BENJAMIN MCCORMICK was unaware of this fact.

**17.**

At all times material the danger of the underwater rock was not readily obvious to persons swimming at the Day Use Area, as the water was murky green and appeared quite deep. However, and unbeknownst to BENJAMIN MCCORMICK, the rock sat approximately two feet below the surface of the water. Thus, the underwater rock constituted an unreasonable risk of harm to others, including BENJAMIN MCCORMICK, and further constituted an unreasonably dangerous condition that could not be encountered with a reasonable degree of safety by persons similarly situated to BENJAMIN MCCORMICK. At all times material, Defendant knew or should have known of these facts.

**18.**

Defendant was at fault in one or more of the following particulars, each of which created a foreseeable and unreasonable risk of injury to BENJAMIN MCCORMICK:

(a)     In causing or allowing the underwater rock exist in a known swimming and diving area;

(b)     In failing to discover the underwater rock;

(c)     In failing to remove the underwater rock;

**COMPLAINT** – Page 5

DWYER WILLIAMS POTTER
ATTORNEYS, LLP
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555    Fax: (541) 617-0984
E-Mail: tim@rdwyer.com

(d) In failing to place signs, barricades, or other devices to prevent its invitees from encountering the underwater rock;

(e) In failing to warn, or otherwise make obvious to persons at the Day Use Area of the existence of the underwater rock, including the State of Oregon who was operating the park;

(f) In designing or constructing the swimming area in such a way as to increase the likelihood of contact with the underwater rock;

(g) In failing to inspect the swimming area or otherwise determine that the underwater rock created a foreseeable risk of injury to its invitees; and

(h) In otherwise failing to take preventative measures to protect its invitees from the underwater rock.

**19.**

As a result of the fault of Defendant, BENJAMIN MCCORMICK sustained the following injuries and noneconomic damages, all of which were reasonably foreseeable, and some of which are permanent:

(a) Damage to the muscles, ligaments, tendons, nerves, and other soft tissue of the head, neck, back, shoulders and flank;

(b) Fractured skull;

(c) Multiple fractures at C4, C5, C6 and C7, including a significant burst fracture of C6 as well as a C5 dislocation, requiring multiple surgeries and resulting in permanent paralysis;

(d) Cerebral spinal fluid leak, requiring surgery;

(e) Left vertebral artery disruption at the cervical spine, requiring surgery;

(f) C4-5 traumatic disc rupture, requiring surgery;

(g) Tracheostomy and esophagogastroduodenoscopy with percutaneous endoscopic gastrostomy tube placement, secondary to paralysis;

**COMPLAINT** – Page 6

DWYER WILLIAMS POTTER
ATTORNEYS, LLP
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555   Fax: (541) 617-0984
E-Mail: tim@rdwyer.com

(h) Respiratory failure, secondary to paralysis, and requiring ventilator and CPAP use;

(i) Chronic constipation and neurogenic bowel and bladder, resulting in bladder calcification, pain, spasms, recurrent urinary tract infection, and constipation, and requiring suprapubic catheterization and colostomy surgery, all secondary to paralysis;

(j) Autonomic dysreflexia, resulting in severe headaches and high blood pressure;

(k) Right shoulder impingement;

(l) Upper extremity deep vein embolism and thrombosis;

(m) Cerebral salt wasting;

(n) MRSA pneumonia secondary to hospital stay;

(o) Clostridium difficile colitis;

(p) Polinidal cyst, requiring drainage;

(q) Pressure sores, requiring treatment;

(r) Chronic Pain Syndrome;

(s) Erectile dysfunction;

(t) Severe emotional distress;

(u) Difficulty sleeping;

(v) Multiple lacerations;

(w) Multiple abrasions;

(x) Multiple contusions and bruises;

(y) Pain, discomfort, and suffering; and

(z) Inconvenience and interference with usual and everyday activities, apart from gainful employment;

All to BENJAMIN MCCORMICK's noneconomic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of **$19,936,000**.

//////

**COMPLAINT** – Page 7

DWYER WILLIAMS POTTER
ATTORNEYS, LLP
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555    Fax: (541) 617-0984
E-Mail: tim@rdwyer.com

**20.**

As a result of the fault of Defendant, BENJAMIN MCCORMICK sustained the following economic damages, all of which were reasonably foreseeable:

(a) Reasonable and necessary medical expenses to date in the approximate sum of **$1,035,131.34;**

(b) Future reasonable and necessary medical, therapeutic, and other health care expenses in an amount to be determined at the time of trial, but for the purposes of giving notice to Defendant, estimated to be **$19,375,494**;

(c) Future transportation costs in the approximate sum of **$300,484**;

(d) Future reasonable and necessary architectural renovations in the approximate sum of **$404,442**;

(e) Wage loss to date in the approximate sum of **$22,535**; and

(f) Impairment of earning capacity in the approximate sum of **$2,040,142**;

All to BENJAMIN MCCORMICK's economic damages in the sum of **$23,178,228.34**.

**21.**

BENJAMIN MCCORMICK gives notice that his medical bills incurred to date are slightly higher than that alleged above, on account of having had continued medical care since the date the applicable tort claim notice was filed. However, as this amount is expected to continue to change with time, BENJAMIN MCCORMICK has used the figures applicable at the time of service of the subject tort claim notice, and plans to amend upward the medical expenses incurred, as well as amend downward the future medical expenses expected, to conform to the proof shortly before trial.

**WHEREFORE**, Plaintiff BENJAMIN MCCORMICK prays for relief from the Court as follows:

1. Assume jurisdiction in this matter over Plaintiff BENJAMIN MCCORMICK's claims;

**COMPLAINT** – Page 8

DWYER WILLIAMS POTTER
ATTORNEYS, LLP
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555    Fax: (541) 617-0984
E-Mail: tim@rdwyer.com

2. Award Plaintiff BENJAMIN MCCORMICK judgment against Defendant for noneconomic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of **$19,936,000**;

3. Award Plaintiff BENJAMIN MCCORMICK judgment against Defendant for economic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of **$23,178,228.34**;

4. Award Plaintiff BENJAMIN MCCORMICK his costs and disbursements incurred herein;

5. Award Plaintiff BENJAMIN MCCORMICK any other relief the Court deems appropriate.

Dated: July 22, 2015.

                DWYER WILLIAMS POTTER
                ATTORNEYS, LLP

By: *s/ Tim Williams*
      Tim Williams, OSB No. 034940
      Of Attorneys for Plaintiff
      Trial Attorneys: Same

**COMPLAINT** – Page 9

DWYER WILLIAMS POTTER
1051 NW Bond, Suite 310, Bend, OR 97701
Phone: (541) 617-0555    Fax: (541) 617-0984
E-Mail: tim@rdwyer.com