TIMOTHY L. WILLIAMS, OSB No. 034940
E-Mail: tim@rdwyer.com
Dwyer Williams Cherkoss Attorneys, P.C.
1558 SW Nancy Way, Suite 101
Bend, OR 97702
Phone: 541.617.0555
Fax:    541.617.0984

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BENJAMIN MCCORMICK**, <br><br> Plaintiff, <br><br> vs. <br><br> **BUREAU OF LAND MANAGEMENT**, <br><br> Defendant. | Case No. 3:15-cv-01363-MO <br><br> **PLAINTIFF'S FOURTEENTH STATUS REPORT** |

Pursuant to the Court's May 5, 2020 Minute Order (Dkt. 44), Plaintiff provides the following status of the related underlying case, *Benjamin McCormick v. State of Oregon*, Oregon Supreme Court Case No. S066206:

1. On May 21, 2020, the Oregon Supreme Court issued an opinion in that matter, reversing, in part, the Oregon Court of Appeals' opinion and remanding the matter to the Oregon Court of Appeals for further proceedings. *McCormick v. State of Oregon,* 366 Or 452 (2020).

2. Specifically, the Oregon Supreme Court held that Oregon's recreational use immunity statute, ORS 105.682, is applicable where a governmental entity has facilitated use of the subject waterway by making said use possible by creating access and developing

PLAINTIFF'S FOURTEENTH STATUS REPORT – Page 2

DWYER WILLIAMS CHERKOSS
ACCIDENT INJURY ATTORNEYS
1558 SW Nancy Way, Suite 101, Bend, OR 97702
Phone: (541) 617-0555   Fax: (541) 617-0984
tim@rdwyer.com

land for that use. *Id.* at 473-474. However, it also held that the Oregon Court of Appeals erred in failing to address Plaintiff's argument that the $5 fee charged for use of the subject day area prevented application of ORS 105.682 altogether. *Id.* at 474.

3. The Oregon Court of Appeals has yet to set further briefing dates, argument dates nor issue an opinion on the remanded matter.

Given the Oregon Supreme Court rendered its opinion as to whether or not a landowner enjoys the benefit of ORS 105.682 based on certain facts, including whether or not the owner of the subject land facilitated access to an area which the member of the public otherwise had a right to utilize, discovery in this matter will need to be had on that issue. Further, given the Oregon Supreme Court also left open the issue of whether an exchange of money, including the subject $5 fee, renders ORS 105.682 inapplicable, discovery in this matter will need to be had on that issue. Finally, given the fact that there remains an open question as to Defendant's relation to the land at issue, including any interplay with the State of Oregon, discovery in this matter will need be had on that issue as well.

On July 15, 2020, counsel for both parties conferred, and respectfully request that this matter continue to be abated until the parties in the state action receive a response from the Oregon Court of Appeals concerning the remanded issues.

If the Court needs any further information as to the above, counsel for Plaintiff would be happy to provide it.

Dated: July 15, 2020.

> DWYER WILLIAMS CHERKOSS
> ATTORNEYS, P.C.
>
> By:  *s/ Tim Williams*
> Tim Williams, OSB No. 034940
> Of Attorneys for Plaintiff
> Trial Attorneys: Same

**PLAINTIFF'S FOURTEENTH STATUS REPORT** – Page 2