**SCOTT ERIK ASPHAUG, OSB #833674**
Acting United States Attorney
District of Oregon
**SUSANNE LUSE, OSB # 142489**
Assistant United States Attorney
susanne.luse@usdoj.gov
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1026
	Attorneys for Defendant

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **BENJAMIN McCORMICK**, | Case No.: 3:15-CV-01363-MO |
| Plaintiff | |
| v. | **MOTION TO DISMISS** |
| **UNITED STATES OF AMERICA**, acting by and through the **BUREAU OF LAND MANAGEMENT**, | |
| Defendant. | |

### LR 7-1 CERTIFICATION

The parties have conferred, and Plaintiff intends to oppose this motion.

### MOTION

I.  **Introduction**

Plaintiff Benjamin McCormick's ("Plaintiff") Oregon premises liability claims against the United States, acting by and through the Bureau of Land

Page 1	Motion to Dismiss

Management, arise from injuries he allegedly suffered on August 19, 2012 while recreating, at the United States' invitation and/or acquiescence, in the Lower Deschutes Day Use Area ("Day Use Area") in Jefferson County Oregon which, Plaintiff alleges, is owned by the United States. Dismissal of the complaint filed in this lawsuit (the "Complaint") is appropriate, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim for which relief can be granted.

This is the second premises liability lawsuit Plaintiff filed based on the same alleged conduct and the same alleged injuries arising from the August 19, 2012 incident. The first lawsuit, filed in 2014 in Oregon Circuit Court (the "State Court Action"), asserted claims against the State of Oregon (the "State") nearly identical to the claims asserted in this lawsuit. Two Oregon state courts determined that the State was immune from liability to Plaintiff under Oregon's recreational immunity statute and dismissed the State Court Action on that issue. *McCormick v. State of Oregon*, 308 Or.App. 220, 223, 482 P.3d 187, 189 (2020) (affirming trial court's grant of summary judgment to the State because the State was immune from liability under Oregon's recreational immunity statute). For precisely the same reasons, under almost identical factual allegations, Oregon's recreational immunity statute immunizes the United States from liability to Plaintiff.

**Page  2        Motion to Dismiss**

This Court has further support for dismissal of the Complaint under the doctrine of nonmutual defensive collateral estoppel because the same recreational immunity issue that would be litigated in this lawsuit has already been fully decided against Plaintiff in the State Court Action, after Plaintiff had a full and fair opportunity to litigate that issue.

## II.   Argument

### A.   Legal Standard Under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows a defendant to seek dismissal of a complaint when it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

Assuming all factual allegations in the Complaint are true, the United States is not liable under Oregon law and thus Plaintiff has failed to state a claim upon which relief can be granted because the United States is entitled to immunity from Plaintiff's claims under Oregon's recreational immunity

statute.

### B. Plaintiff Fails to State A Claim for Which Relief Can Be Granted Because the United States Is Immune from Liability Under Oregon Law

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, waives federal sovereign immunity to pay compensation for personal injury, death, or property damages resulting from the negligence of federal employees, acting within the scope of their employment. Under the FTCA, liability of the United States is determined "in the same manner and to the same extent as a private individual in like circumstances." 28 U.S.C. § 2674. Because Plaintiff's injuries occurred in Oregon, this action is governed by Oregon law. 28 U.S.C. § 1346(b)(1).

Oregon law provides broad protection for landowners to encourage them to make their property available to the public for recreational purposes, which includes "*swimming*, . . . hiking, nature study, outdoor educational activities, waterskiing, winter sports, viewing or enjoying historical, archaeological, scenic or scientific sites . . . ." ORS § 105.672(5) (emphasis added); *McCormick*, 366 Or. 452, 472-73, 466 P.3d 10, 21 (2020) (en banc) (noting that ORS 105.688 "describes the circumstances in which recreational immunity applies, and it indicates that the legislature intended it to apply broadly.").

Specifically, Oregon's recreational immunity statute states: "[A]n owner of land is not liable in . . . tort for any personal injury . . . that arises out of

Page 4    Motion to Dismiss

the use of the land for recreational purposes . . . when the owner of land either directly or indirectly permits any person to use the land for recreational purposes . . . ." ORS § 105.682.

In the State Court Action, the Oregon Supreme Court examined the term "permit" as used in ORS § 105.682. *McCormick*, 366 Or. at 472-73, 466 P.3d at 21. The court determined that the term "permit" can be active or passive and could "involve mere tolerance":

> Thus, the plain text of ORS 105.682(1) points toward the conclusion that an owner can 'permit' recreational use of its land in a variety of ways, ranging from express consent to mere tolerance, and that it can 'permit' that use even if the public already has a right to recreate on the land from another source, such as an easement or the public trust doctrine.

*Id*. at 14-15.[1]

Oregon law broadly defines an "Owner" of land as "[t]he possessor of any interest in any land, including but not limited to the holder of any legal or equitable title, a tenant, a lessee, an occupant, the holder of an easement, the holder of a right of way or a person in possession of the land." ORS 105.672(4)(a). "Land" is also defined broadly as "all real property, whether publicly or privately owned." ORS 105.672(3).

---

[1] "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir.1995) (citing *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir.1990). Accordingly, the Oregon Supreme Court's interpretation of Oregon's recreational immunity statute is binding on this Court.

Page 5    Motion to Dismiss

The Complaint alleges that the United States "owned, controlled, had the right of control over, and maintained" the land on which Plaintiff was injured and that the United States (i) "expressly or impliedly led the public to believe that the Day Use Area was intended to be used for water sports, swimming, diving, and recreating"; (ii) acquiesced the use of the Day Use Area for water sports, swimming, diving, and recreating; (iii) acquiesced or invited the use of the Day Use Area for recreational purposes; and (iv) made the Day Use Area available for water sports.  *See* ECF 1 at ¶¶9, 11 and 12.

Through these allegations, Plaintiff admits that the United States is immune from liability under Oregon's recreational immunity statute because the United States owned the land where Plaintiff was injured, the United States either "directly or indirectly" permitted Plaintiff to use the Day Use Area for recreational purposes, and Plaintiff used the land for a recreational purpose. Accordingly, applying Oregon's recreational immunity statute, the Complaint should be dismissed.

### i.    The Exceptions to Recreational Immunity Do Not Apply

"An owner is not entitled to recreational immunity if the owner intentionally injures a person, ORS 105.682(2), or if the owner charges certain fees for the use of the land for recreational purposes." *McCormick*, 366 Or. 452, 456, 466 P.3d 10, 12. A parking fee of up to $15 or less per day does not qualify as such a fee. ORS 105.672(1)(c).

**Page  6        Motion to Dismiss**

Plaintiff does not allege the United States intended to injure him. Nor does Plaintiff allege that the United States charged Plaintiff a fee for use of the Day Use Area for recreational purposes. Rather, the Complaint alleges that Plaintiff "paid a fee to the State [for access] and [to] utilize the Day Use Area, and the State used a portion of said fees to help maintain the portion of the Day Use Area owned" by the United States, and to the United States' economic benefit. ECF 1 at ¶8.

This allegation does not preclude the United States' recreational immunity because, as the Oregon Court of Appeals held, the fee paid by Plaintiff to the State was a parking fee, regardless of how the collected fees were ultimately used. *See McCormick*, 308 Or. App. at 220, 223, 482 P.3d 187, at 189.[2] Moreover, the Oregon Court of Appeals determined that "all reasonable factfinders would have no choice but to conclude that the [S]tate charged the fee for the privilege of parking", as Oregon Administrative Rule 736-015-0030(1), (6), provides that "the fee for a day use parking permit at

---

[2.] When there is no decision from a state's highest court on an issue of state law, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'" *Arizona Elec. Power Coop., Inc.*, 59 F.3d at 991 (quoting *In re Kirkland*, 915 F.2d at 1239). "[I]n the absence of convincing evidence that the highest court of the state would decide differently, a federal court is obligated to follow the decisions of the state's intermediate courts." *See Kirkland*, 915 F.2d at 1239 (citations and internal quotations omitted). Here, there is no reason to believe the Oregon Supreme Court would decide that the fee collected by the State from Plaintiff was a fee for use of the land for recreational purposes.

**Page 7     Motion to Dismiss**

[the park where Plaintiff was injured] "is a parking fee and not a charge for recreational purposes under" the Oregon recreational immunity statute. *Id.* at 223-24.

Plaintiff's Complaint admits the fee collected from him was collected by the State and not the United States. ECF 1 at ¶8. Federal courts interpreting Oregon's recreational immunity statute have consistently applied Oregon's recreational immunity statute to bar FTCA claims involving injury on federal land where plaintiffs paid no charge. *See e.g., Wilson v. United States*, 940 F. Supp. 286 (D. Or. 1996), *aff'd Wilson v. United States*, 133 F. 3d 931 (9th Cir. 1998) (unpublished) (Oregon's Recreational Use Act applied to lake managed by United States Forest Service and provided immunity from suit); *O'Neal v. United States*, 814 F. 2d 1285, 1287 (9th Cir. 1987) (applying Oregon's Recreational Use Act to a logging road located on land controlled by the United States); *Stringer v. U.S. Dep't of Agriculture*, 691 Fed. Appx. 381 (9th Cir. 2017) (unpublished) (applying Oregon's recreation immunity statute to bar FTCA claims involving injury on snowmobile trails on United States Forest Service land); *see also Kelly v. Hochberg*, 243 P. 3d 62, 67 (2010) (holding that the United States Bureau of Land Management would have immunity under Oregon's recreational immunity statute); *Ludwig v. United States*, No. 17 C 2943, 2021 WL 97164, at *8(N.D. Ill. Jan. 11, 2021) (granting summary judgment to the United States and finding that the FTCA entitles the United

**Page 8     Motion to Dismiss**

States to assert defenses established by Oregon law, including Oregon's recreational immunity statute).

Because the United States did not collect a fee from the Plaintiff for his use of the Day Use Area, recreational immunity is applicable and dismissal is appropriate.

### C. The Complaint Should be Dismissed Under the Doctrine of Nonmutual Collateral Estoppel Because the State Court Action Decided the Threshold Issue of Recreational Immunity Against Plaintiff

Ordinarily, issues of law that were actually litigated and necessarily decided in a prior proceeding should not be relitigated under the doctrine of collateral estoppel (or issue preclusion). *See Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985) (citing *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)). Collateral estoppel serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Defensive nonmutual collateral estoppel may apply where a defendant "attempt[s] to preclude a plaintiff from relitigating an issue that the plaintiff previously litigated unsuccessfully against a different party." *See State of Idaho Potato Com'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 713 n. 3 (9th Cir.2005); *see also Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394,

1400 (9th Cir.1996) ("Defensive collateral estoppel applies 'when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.'")(citation omitted). Since the United States was not a party to the State Court Action, the preclusive effect of the State Court Action in this lawsuit would be through defensive nonmutual collateral estoppel.

In the State Court Action, the Oregon state court issued a judgment against Plaintiff based on the recreational immunity statute and dismissed the matter. This Court should give collateral estoppel effect to the Oregon state court judgment and dismiss the Complaint. *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1007 (9th Cir. 2007) ("The 'full faith and credit' statute compels federal courts to give collateral estoppel and res judicata effects to the judgments of state courts.") (citing *Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712 (9th Cir.1992)). "Because federal courts must give the same full faith and credit to a state court judgment as state courts would give the judgment, the question of issue preclusion is examined under Oregon law." *See id.*

Under Oregon law, collateral estoppel will apply if the following five elements are met:

> (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had

**Page  10      Motion to Dismiss**

a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which the state court will give preclusive effect.

*Id.* (citing *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 862 P.2d 1293, 1296–97 (1993)).[3]

These five elements are demonstrated in this case. First, the issue decided in the State Court Acton is identical to the issue to be decided in this case: whether a defendant who is alleged to be a landowner who permitted the land to be used for recreational purposes is immune from liability under Oregon's recreational immunity statute. Indeed, the factual allegations in the State Court Action are almost identical to the allegations in this lawsuit. *See* Declaration of Susanne Luse, Exhibit 1 (comparing both complaints). Therefore, the first element is met.

Second, Plaintiff, who was a party in the State Court Action, had a full and fair opportunity to litigate the issue of whether recreational immunity applied under the facts of this case, and did in fact litigate that issue in the State Court Action. Further, in the State Court Action, there was a final decision on the merits of recreational immunity issue. Therefore, the second,

---

[3] Also, under Oregon law, when non-mutual collateral estoppel is asserted a court should "scrutinize [it] with care to make certain no unfairness will result to the prior litigant if the estoppel is applied." *See State Farm Fire & Cas. Co. v. Century Home Components, Inc.*, 275 Or. 97, 550 P.2d 1185, 1188 (1976) (internal quotation marks omitted).

**Page  11     Motion to Dismiss**

third and fourth elements are met.

Finally, element five is met because the prior proceeding concluded in a judicial judgment. *See State Farm Fire & Cas. Co. v. Sallak*, 140 Or. App. 89, 94, 914 P.2d 697, 700 (1996) ("A proceeding that concludes in a judicial judgment unquestionably satisfies the final requirement of issue preclusion."). Because the elements of issue preclusion (or collateral estoppel) are met on the recreational immunity issue under Oregon law, the Plaintiff should be precluded from relitigating the same issue already decided against him in the State Court Action and the Complaint should be dismissed.

## II.  **Conclusion**

Plaintiff has failed to state a claim for which relief can be granted and thus this case should be dismissed.

Respectfully submitted this 3rd day of May 2021.

                                SCOTT ERIK ASPHAUG
                                Acting United States Attorney
                                District of Oregon
                                */s/ Susanne Luse*
                                SUSANNE LUSE
                                Assistant United States Attorney
                                Attorneys for Defendant